**Thomas CROSSON, Petitioner–Appellant,**

v.

**Matt SLANOC, Parole Officer; Harry Hagemann, Deputy Director of Ohio Parole and Community Services, Respondents–Appellees.**

No. 02–3440.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

*ORDER*

This is an appeal from a district court judgment denying the relief sought in a petition for a writ of habeas corpus filed on the authority of 28 U.S.C. § 2254. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, an Ohio state court jury found Thomas Crosson guilty of two counts of aggravated robbery with specifications. Crosson filed a § 2254 petition in 1996 challenging the constitutionality of his conviction on several grounds. The matter was referred to a magistrate judge who recommended that Crosson's petition should be denied. The district court adopted this recommendation over Crosson's objections and this appeal followed.

The single issue presented for this court's review is whether the district court erred in concluding that Crosson's conviction was not tainted by constitutionally ineffective trial counsel. In this context,

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

the district court's legal conclusions are subject to de novo review and its factual findings will not be disturbed absent clear error. *Vincent v. Jones,* 292 F.3d 506, 510 (6th Cir.2002). An examination of the record and law under this standard supports the judgment on appeal.

Crosson was charged with being a convicted felon who, along with two other men, forced their way into a home at gunpoint and took items of value belonging to the residents. The significance of the "convicted felon" specification is that it exposed Crosson to an increased punishment upon conviction. At that time, the applicable version of Ohio law provided that one charged with a "convicted felon" specification could "request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing." Ohio Rev.Code § 2941.142 (subsequently amended). Crosson's trial counsel, apparently ignorant of this option, entered into a stipulation as to the existence of the prior robbery conviction and did nothing when the prosecution brought up the existence of the prior robbery conviction before the jury several times during trial. Crosson was nevertheless convicted on the strength of in-court, eyewitness identification by the two adult residents of the invaded home and by three other witnesses who linked Crosson with the bullet-riddled escape vehicle.

One of the grounds raised by Crosson in his habeas corpus petition is that his trial counsel's decision to stipulate to the fact of the prior robbery conviction, rather than put the question to the trial judge out of the hearing of the jury, was constitutionally ineffective. The district court ultimately concluded that, although trial counsel was deficient in this regard, the overwhelming evidence of Crosson's guilt meant that his conviction could withstand constitutional challenge. It is this issue only that is before the court on appeal.

In general, a writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2). A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495. Instead, only when the state court's decision is "objectively unreasonable" should a writ of habeas corpus issue. *Id.* at 409, 120 S.Ct. 1495. Factual findings made by a state court are presumed correct in this context in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The specific issue in the case at bar is the constitutional sufficiency of representation of Crosson's trial counsel. A claim of constitutionally ineffective assistance of counsel comprises two elements: 1) the attorney's performance was deficient, that is, it fell below an objective standard of reasonableness; and 2) the attorney's deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Courts employ a "highly deferential" review of counsel's performance in

this regard. *Id.* at 689, 104 S.Ct. 2052. In order to satisfy the prejudice requirement of *Strickland,* a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

The record supports the district court's conclusion that the result of Crosson's criminal trial would not have been different but for attorney error. The Ohio appellate court's version of the facts and testimony, a version binding on the federal courts, 28 U.S.C. § 2254(e)(1), is as follows: Terry and Marianna Glaze were at home when someone knocked on their front door. They opened the door to find a man brandishing a gun and demanding entrance. Two other men joined the intruder. The Glazes identified one of the men carrying a semi-automatic pistol as Crosson. The men took items from the house and fled in a dark-colored Chevrolet Monte Carlo. Terry Glaze pursued the car to a body shop. The car was parked there and Crosson was standing beside it. The four men exchanged gun fire, to no effect, the robbers fled and Terry Glaze returned to the body shop to summon the police. Terry and Marianna Glaze made a positive identification of Crosson before trial and in open court. The owner of the body shop, as well as a police officer and a tow truck operator, all identified Crosson with the Monte Carlo. Crosson did not take the stand in his defense. He, instead, relied on alibi testimony of two men, one of whom was Crosson's stepbrother.

The district court concluded that the above-highlighted version of the case against Crosson was sufficient to enable one to conclude with confidence that the jury would have found Crosson guilty whether or not they knew Crosson was a convicted felon. This conclusion is supported when analyzed under the *Strickland* guidelines. The evidence against Crosson was substantial regardless of the jury's knowledge of his status as a convicted felon. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.